NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 14 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS LIBRADO PARRA-PEREZ, | No.   20-70233 |
| Petitioner, | Agency No. A091-556-875 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of a Final Order of the Department of Homeland Security

Submitted June 10, 2021**
Seattle, Washington

Before:  GILMAN,*** GOULD, and MILLER, Circuit Judges.

Carlos Librado Parra-Perez, a native and citizen of Mexico, petitions for

review of an immigration judge's (IJ's) determination under 8 C.F.R. § 1208.31(g)

that Parra-Perez did not have a reasonable fear of persecution or torture in Mexico.

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Parra-Perez was thus found not entitled to relief from his reinstated removal order. We review an IJ's reasonable-fear determination for substantial evidence, *Bartolome v. Sessions*, 904 F.3d 803, 811 (9th Cir. 2018), and we review questions of law de novo, *Lanza v. Ashcroft*, 389 F.3d 917, 933 (9th Cir. 2004).

Substantial evidence supports the IJ's determination that Parra-Perez failed to establish a reasonable possibility of persecution on account of a protected ground. Contrary to Parra-Perez's argument, those with perceived wealth do not constitute a cognizable social group. *See Bartolome*, 904 F.3d at 814; *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016). And although "family remains the quintessential particular social group," *Rios v. Lynch*, 807 F.3d 1123, 1128 (9th Cir. 2015), nothing in the record shows that the abuse experienced by Parra-Perez was motivated by his familial affiliations.

The IJ erred, however, by utilizing the wrong legal standards regarding Parra-Perez's Convention Against Torture (CAT) claim: first, by relying on a "rogue-officer exception" to CAT relief that this court has expressly rejected; and second, by incorrectly articulating the "reasonable possibility" standard.

Those seeking protection under CAT must prove that future torture they would experience would be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. §§ 208.18(a)(1), 1208.18(a)(1) (effective until January 11, 2021). The IJ

disagreed with the asylum officer's finding that this state-action requirement had been met, reasoning instead that

> this does appear to be rogue police officers, at best. And there is a recent case indicating that rogue police officers acting outside the scope of their employment is not necessarily a basis to conclude that that is government action for purposes of protection under the Convention against Torture . . . it's O something or other. . . . I would not find that it is government action.

Later, the IJ wrote that the "[e]vents were random crime by rogue police."

The IJ misstated the law. *Matter of O-F-A-S-*, 27 I. & N. Dec. 709, 723 (BIA 2019), to which the IJ refers, permitted a rogue-officer exception. But not only has that case been subsequently overruled by the BIA itself on this particular issue, *see Matter of O-F-A-S-*, 28 I. & N. Dec. 35, 38 (2020) (clarifying that the "rogue-official" language should be replaced with "under color of state law" language), but the BIA in its first decision also acknowledged that the purported exception contradicts Ninth Circuit caselaw, *see Matter of O-F-A-S-*, 27 I. & N. Dec. at 713 n.4 ("We recognize that the . . . Ninth Circuit has held that there is no 'rogue official' exception to protection under the Convention Against Torture and 8 C.F.R. § 1208.18(a)."). Relevant here, we "will not defer to BIA decisions that conflict with circuit precedent." *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir. 2003).

Indeed, in *Barajas-Romero v. Lynch*, 846 F.3d 351, 362–63 (9th Cir. 2017), this court held that "[t]he statute and regulations do not establish a 'rogue official'

exception to CAT relief" and that "state involvement may be established . . . where police officials were corrupt, and worked on behalf of criminals or gangsters." (citation and internal quotation marks omitted). As in this case, the officers who committed the abuse "were apparently off-duty." *Id.* at 362. But the court nevertheless held that "the regulation does not require that the public official be carrying out his official duties, so long as he is the actor or knowingly acquiesces in the acts." *Id.*

The IJ also erred in outlining the "reasonable possibility" standard. At the reasonable-fear screening stage, the individual must establish "a reasonable possibility that he or she would be tortured in the country of removal." 8 C.F.R. §§ 208.31(c), 1208.31(c). "[R]easonable possibility . . . has been defined to require a ten percent chance that the non-citizen will be . . . tortured if returned to his or her home country." *Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1195 (9th Cir. 2021) (quoting *Bartolome*, 904 F.3d at 809).

At the hearing, the IJ stated that "[t]he standard is that there's a reasonable possibility that he could prove that it's more likely than not that he would be tortured. . . ." This is a faulty hybrid of the standard that Parra-Perez must preliminarily satisfy and the one that he must ultimately meet. *See* 8 C.F.R. §§ 208.16(c)(2), 1208.16(c)(2) (To ultimately obtain CAT relief, the applicant must establish that "it is more likely than not that he or she would be tortured if

removed to the proposed country of removal.").  The IJ should not have analyzed whether Parra-Perez could meet the ultimate standard, but rather whether he had established, at the hearing, a reasonable possibility (defined to be at least 10%) of torture.

This distinction matters because the individual is not afforded a full hearing at the reasonable-fear screening stage.  *See id.* §§ 208.31(b),(c),(g), 1208.31(b),(c),(g).  The screening-stage hearing before the IJ "is not as comprehensive or in-depth" as the subsequent stage, *Bartolome*, 904 F.3d at 809 (citation omitted), where the individual actually applies for CAT relief and receives "full consideration" of his or her claim, 8 C.F.R. §§ 208.31(e), 1208.31(e), including of any submitted evidence such as "[e]vidence of past torture inflicted upon the applicant" and "evidence of gross, flagrant or mass violations of human rights within the country of removal," *id.* §§ 208.16(c), 1208.16(c).  For these reasons, the individual at the screening stage must establish solely a reasonable possibility of torture, not a reasonable possibility of what he or she might be able to prove down the line.

The confusion about the applicable standard is squarely revealed in the IJ's written order, where the IJ wrote that the torture experienced by Parra-Perez was "unlikely to reoccur."  This court has in fact rejected extremely similar language. *See Abebe v. Gonzales*, 432 F.3d 1037, 1042 (9th Cir. 2005) (rejecting the IJ's

language that female genital mutilation "is not likely to be a threat" because "[t]he proper standard . . . is not whether the persecution feared is 'likely to be a threat'" . . . . Rather, "even an alien who can demonstrate only a ten percent chance of future persecution may prevail in a claim for asylum.").

At the very least, the IJ's understanding of the correct standard appears to be ambiguous. In such circumstances, this court has chosen to remand for further proceedings. *Id.* at 1042; *Lanza*, 389 F.3d at 931–32.

The merits of Parra-Perez's claims—whether state action was involved and whether he has established a reasonable possibility of future torture—are for the IJ to determine on remand by applying the correct legal standards. The petition for review is therefore **DENIED in part** and **GRANTED in part**. We **REMAND** for further proceedings and **STAY** Parra-Perez's removal.